IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOHNATHON THYBERG,

    Plaintiff- Petitioner,

v.                                             No.     16CV514 JAP/CG
                                                                   10CR196 JAP

UNITED STATES OF AMERICA,

    Defendant-Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

United States Magistrate Judge Carmen E. Garza filed *Proposed Findings and Recommended Disposition* ("PFRD"), (CV Doc. 14), on October 6, 2016.[1] In the PFRD, Magistrate Judge Garza concluded that Petitioner Gabriel Johnathon Thyberg was properly sentenced under the United States Sentencing Guidelines and recommended that his *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"), (CV Doc. 1), be denied. (CV Doc. 14 at 10).

The parties were notified that written objections to the PFRD were due within 14 days. (CV Doc. 14 at 10). Petitioner timely filed *Defendant's Objection to the Magistrate Judge's Proposed Findings and Recommended Disposition* ("Petitioner's Objections"), (CV Doc. 17), on November 3, 2016. Respondent did not file a response to Petitioner's Objections, and the time for doing so has passed. D.N.M.LR-Civ 7.4(a). After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in whole and denies Petitioner's Motion.

**I.    Background**

---

[1] Documents referenced as "CV Doc. ____" are from case number 16-cv-514-JAP-CG. Documents referenced as "CR Doc. ____" are from case number 10-cr-196-JAP.

On January 25, 2010, Petitioner pled guilty to possession with intent to distribute 5 grams or more of methamphetamine. (CV Doc. 1 at 2). Petitioner was deemed a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") based on two prior convictions for crimes of violence, significantly increasing Petitioner's potential sentence. (*Id.*). Petitioner's convictions for crimes of violence were two convictions for residential burglary in New Mexico. (*Id.*). "Residential burglary" was not explicitly a crime of violence under the Guidelines when Petitioner pled guilty. Rather, the Guidelines defined "crime of violence" in part as any crime that "is burglary of a dwelling . . . *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (2009). The latter part of the definition shown in italics is known as the residual clause. Ultimately, Petitioner was sentenced to 151 months. (CV Doc. 1 at 3).

On June 1, 2016, Petitioner challenged the constitutionality of his sentence following the decision by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Tenth Circuit Court of Appeals opinion in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). (CV Doc. 1 at 4). *Madrid* held that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague and "cannot be used to justify" enhancing criminal defendants' sentences. 805 F.3d at 1210. Petitioner alleged his sentence was unconstitutionally enhanced because New Mexico residential burglary is not "burglary of a dwelling," and instead only qualifies as a crime of violence under the residual clause in § 4B1.2(a)(2). (CV Doc. 1 at 5-12).

Petitioner's argument rested on two premises. First, Petitioner argued that residential burglary does not qualify as burglary of a dwelling under the Guidelines

2

because "residence," under New Mexico law, includes buildings wholly unconnected to a residential space. (CV Doc. 1 at 7). Second, Petitioner argued that the contemporary definition of "dwelling" does not include buildings or spaces that are not internally connected to the dwelling. (CV Doc. 1 at 11). According to Petitioner, "residence" in New Mexico includes a space that is not internally connected to a dwelling; therefore, he asserts residential burglary does not match the definition of burglary of a dwelling. (CV Doc. 1 at 11-12). Petitioner maintains that if residential burglary does not match the definition of burglary of a dwelling, residential burglary is only a crime of violence under the residual clause, which "cannot be used to justify" enhancing Petitioner's sentence. *Madrid*, 805 F.3d at 1210.

Respondent countered first that *Johnson* does not apply retroactively to cases on collateral review, including Petitioner's. (CV Doc. 12 at 3-12). Second, Respondent argued that residential burglary, as defined by New Mexico, substantially corresponds with the definition of "burglary of a dwelling" in the Guidelines. (CV Doc. 12 at 13-20). In particular, Respondent disputed that "residence" includes unconnected buildings. (CV Doc. 12 at 19) (citing *State v. Ross*, 1983-NMCA-065, 110 N.M. 48, 665 P.2d 310). Further, Respondent contended that residential burglary qualifies as "burglary of a dwelling" because the Tenth Circuit held that a similar statute also qualified as burglary of a dwelling. (CV Doc. 12 at 16) (citing *United States v. Bennett*, 108 F.3d 1315 (10th Cir. 1997)).

After considering the relevant law, Judge Garza determined that New Mexico's definition of "residence" corresponds with the generic definition of "dwelling" under the Guidelines; therefore, Petitioner was appropriately sentenced for having committed

burglary of a dwelling. (CV Doc. 14 at 7-10). First, Judge Garza concluded that "residence" in New Mexico does not include uninhabited, unconnected buildings. (*Id.* at 9) (citing *Ross*, 1983-NMCA-065). Second, Judge Garza agreed that "residence" in New Mexico includes rooms that are attached but not internally connected to living space. (CV Doc. 14 at 8) (citing *State v. Lara*, 1978-NMCA-112, 92 N.M. 274, 587 P.2d 52). Judge Garza held, however, that under Tenth Circuit precedent "dwelling" also includes attached rooms that are not internally connected to a dwelling. (CV Doc. 14 at 9) (citing *United States v. Rivera-Oros*, 590 F.3d 1123, 1132 (10th Cir. 2009). Thus, because the definitions of "residence" and "dwelling" match, the definitions of "residential burglary" and "burglary of a dwelling" match as well. Petitioner's sentence was therefore enhanced because he committed burglary of a dwelling and was not enhanced in reliance on the unconstitutional residual clause. (CV Doc. 14 at 10).

## II.     Objections

In accordance with Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to the Magistrate Judge's Proposed Findings and Recommended Disposition. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings.  Rule 12 of the Rules Governing

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Petitioner objects that Judge Garza referred only to *Rivera-Oros* in defining "burglary of a dwelling." (CV Doc. 17 at 2). According to Petitioner, the "modern, generic definition espoused by the Tenth Circuit generally does not include spaces that are not internally connected" to a residence. (*Id.*). Petitioner reiterates his argument that "residential burglary" includes burglary of a building that is not internally connected to a residence, and that the "contemporary" definition of burglary of a dwelling does not include such spaces. (CV Doc. 17 at 2-3).

The Court finds no error in Judge Garza's analysis or conclusions. Petitioner is correct that "residence" in New Mexico includes a structure or space that is attached but not internally connected to residential space. For instance, in *State v. Lara*, the New Mexico Court of Appeals held that an attached garage with no opening into a house

---

Section 2255 Proceedings for the United States District Courts.

constituted a part of a residence for the purposes of residential burglary. 1978-NMCA-112, ¶ 6. However, New Mexico's definition of "residence" does not conflict with the "modern, generic definition" of a dwelling "espoused by the Tenth Circuit." In *United States v. Rivera-Oros*, the Tenth Circuit held that Arizona's definition of "residential structure" met the generic, contemporary definition of "dwelling." 590 F.3d at 1134. Arizona's definition of "residential structure" also includes an attached but not internally connected storage space. *State v. Ekmanis*, 183 Ariz. 180, 901 P.2d 1210 (1995). In *Ekmanis*, the Arizona Supreme Court held that "residential structure" included a storage room under the same roof as a residence even though the storage room was not internally connected to the residence. 183 Ariz. at 183.

In holding that Arizona's definition of "residential structure" corresponds with the modern, generic definition of "dwelling," the Tenth Circuit included an attached structure that is not internally connected to a residence within the definition of "dwelling," implicitly rejecting Petitioner's argument here. The Tenth Circuit cited *Ekmanis* with the parenthetical "holding that a storage area under the same roof as the main house, but separated by a walkway, is a residential structure." *Rivera-Oros*, 590 F.3d at 1134. Thus, the Tenth Circuit clearly read and understood *Ekmanis* and still held that Arizona's definition of "residential structure" matched the generic definition of "dwelling." If Arizona's definition of "residential structure" includes an attached but unconnected room and that definition corresponds with the generic definition of "dwelling," New Mexico's definition of "residence" must also correspond with the definition of "dwelling."

Although Petitioner objects that Judge Garza relied solely on *Rivera-Oros* in defining "burglary of a dwelling," (CV Doc. 17 at 2), Petitioner does not explain how

citing other definitional sources in addition to *Rivera-Oros* would overcome the holding in *Rivera-Oros*, which referred expressly to the "generic, contemporary meaning" of burglary of a dwelling. *See* 590 F.3d at 1128-34.

### III.   Conclusion

The Court believes that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's Motion should not be granted. Petitioner's sentence was enhanced because he committed the enumerated crime of burglary of a dwelling; Petitioner's sentence was not enhanced in reliance on the residual clause in § 4B1.2(a)(2). Petitioner's objections are overruled.

**IT IS HEREBY ORDERED** that Judge Garza's Proposed Findings and Recommended Disposition, (CV Doc. 14), should be **ADOPTED**. Petitioner's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 7), will be **DENIED**.

_____
THE HONORABLE JAMES A. PARKER
UNITED STATES DISTRICT JUDGE